# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ADAM J. STANTON,
    Plaintiff,

vs

BUTLER COUNTY SHERIFF'S
DEPARTMENT, et al.,
    Defendants.

Case No. 1:15-cv-149

Dlott, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

    Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against Butler County, Ohio, defendants. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 action against the Butler County Sheriff's Department; the Butler County Sheriff, Richard K. Jones; and "J. Rumpler," a correctional officer at the Butler County Jail. (*See* Doc. 1, Complaint). The incident giving rise to the complaint allegedly occurred on October 20, 2014, when plaintiff was incarcerated at the Butler County Jail. Specifically, plaintiff avers that on that date, defendant Rumpler, who thought he smelled tobacco in plaintiff's cell, ordered plaintiff and plaintiff's cell-mate out of the cell and conducted a search of plaintiff's person and the cell. (*Id.*, p. 5, at PAGEID#: 9). When plaintiff advised Rumpler that he had not been smoking and the search of the cell and prisoners "produced no tobacco," Rumpler "became ir[]ate and targeted [plaintiff] for additional strip search over [plaintiff's] objections." (*Id.*). Plaintiff alleges that in "plain view of the other prisoners," Rumpler proceeded to conduct a "cavity search [by] forcing a finger into [plaintiff's] rectum, causing great emotional distress, duress, anxiety and severe pain, notwithstanding embarrassment." (*Id.*). Plaintiff states that the cavity search "failed to produce any contraband." (*Id.*). Plaintiff also alleges that Rumpler "was not reprimanded" and that he received "no response" to either his "verbal complaints" or informal complaints that he submitted to the

3

Warden and Deputy Warden of Operations about the incident. (*Id.*, pp. 5-6, at PAGEID#: 9-10). Plaintiff states that he is suing Rumpler "in his individual capacity for the assault" and the Butler County Sheriff in "his individual capacity for supervisory liability." (*Id.*, p. 6, at PAGEID#: 10). He requests damages as relief. (*Id.*).

At this juncture, the Court concludes that plaintiff may proceed with a cause of action for damages against defendant Rumpler to the extent that plaintiff has alleged that Rumpler violated his Eighth Amendment rights by using excessive force against him in the incident that occurred on October 20, 2014 at the Butler County Jail. *See* 28 U.S.C. § 1915(e)(2)(B). However, plaintiff's claim against the Butler County Sheriff, as well as any claim against the Butler County Sheriff's Department, should be dismissed for failure to state a claim upon which relief may be granted.

First, to the extent that plaintiff has named the Butler County Sheriff's Department as a defendant in the caption of the complaint, he has failed to state a plausible claim for relief. It is well-settled that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued." *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (and numerous cases cited therein) (affirming the district court's dismissal of claims brought against the Cuyahoga County Sheriff's Department). Furthermore, to the extent that plaintiff seeks to hold Butler County liable for the actions of Rumpler, as an employee of the Sheriff's Department, plaintiff has failed to state a "facially plausible claim for municipal liability" in the absence of any allegations that Butler County "was a moving force behind the alleged constitutional violation" committed by Rumpler. *See Triplett-Fazzone v. City of Columbus Div. of Police*, No. 2:12cv331, 2013 WL 1718026, at *4-5 (S.D. Ohio Apr. 19, 2013) (Sargus, J.) (and

4

cases cited therein) (dismissing the plaintiff's § 1983 claims against the Franklin County Sheriff's Department for an employee's physical assault of the plaintiff inmate because the plaintiff's pleadings did "not allow for a reasonable inference that a Franklin County policy or custom contributed to the conduct in question").

In addition, plaintiff has failed to state a viable claim for relief under § 1983 against the Butler County Sheriff, Richard Jones. Plaintiff's claim against Jones is for failing to supervise the "gross misconduct of his subordinates and dereliction of duty." (Doc. 1, Complaint, p. 6, at PAGEID#: 10). However, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). In order to state a claim against a supervisor, the plaintiff must allege that the supervisor was "somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff has made no such allegation. To the extent that plaintiff suggests that the Butler County Sheriff is liable for failing to investigate or discipline Rumpler for his alleged misconduct, the basis for liability is still insufficient to state an actionable claim under § 1983 absent allegations of "specific conduct" by the sheriff indicating his "direct, active participation in the [subordinate's] misconduct." *See id.*; *see also Koch v. Cnty. of Franklin*, No. 2:08cv1127, 2010 WL 2386352, at *10-11 (S.D. Ohio June 10, 2010) (Frost, J.) ("a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in

5

some other way directly participated in it") (quoting *McQueen v. Beecher Comty. Schools,* 433 F.3d 460, 470 (6th Cir. 2006), in turn quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)) (internal quotation marks omitted). *Cf. Belcher v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv985, 2013 WL 122154, at *2 (S.D. Ohio Jan. 9, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 684738 (S.D. Ohio Feb. 25, 2013) (Weber, J.).

Accordingly, in sum, the undersigned concludes that plaintiff's claims against the Butler County Sheriff and Butler County Sheriff's Department are subject to dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted against those defendants.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against the Butler County Sheriff's Department and Butler County Sheriff Richard K. Jones be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with his § 1983 claim for damages against defendant "J. Rumpler" stemming from an incident that allegedly occurred at the Butler County Jail on October 20, 2014. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Rumpler as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon the remaining defendant or, if appearance has been entered

by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

      3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADAM J. STANTON,  
    Plaintiff,

vs

BUTLER COUNTY SHERIFF'S
DEPARTMENT, et al.,  
    Defendants.

Case No. 1:15-cv-149

Dlott, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc